IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DONNELL HATCHER,<br><br>　　　　Defendant.　　　　　　　／ | No. CR 92-00001 CRB<br><br>**ORDER DENYING CONSOLIDATED MOTION** |

Defendant Donnell Hatcher ("Hatcher") has filed a pro se consolidated motion (dkts. 2466–67),[1] which makes numerous requests of this Court.

### I.　BACKGROUND

In 1992, Hatcher was charged with one count of possession with intent to distribute heroin, and he pleaded guilty to that charge in 1993. See Presentence Investigation Report ("PSR") ¶¶ 1–2, 70. Hatcher did not appear at his scheduled sentencing in 1993. See id. ¶ 3. In 2006, Hatcher was arrested "on unrelated federal drug charges." Id. ¶ 72. In 2007, a federal court in Alabama sentenced Hatcher to 200 months for seven counts of possession of various drugs, for distribution, and for possessing a firearm. Id. ¶ 75. In 2009, Hatcher was charged with failure to appear at his 1993 sentencing hearing. See Indictment, United States v. Hatcher, No. 3:09-cr-00625-CRB (N.D. Cal. Jun. 18, 2009), ECF No. 1. Hatcher pleaded guilty to this charge. See Minute Entry, Hatcher, No. 3:09-cr-00625-CRB (N.D. Cal. Jul. 15,

---

[1] Hatcher filed the identical motion twice, so it appears as two separate docket entries.

2009), ECF No. 6. In 2010, Judge Shubb sentenced Hatcher to 240 months for the 1992 drug offense and to 36 months for the failure to appear charge. See Suppl. Mot. (dkt. 2452) at 2–3; Opp'n (dkt. 2459) at 2. Judge Shubb ordered both of these terms to run consecutively to the 200 month Alabama sentence. See Suppl. Mot. at 2–3; Opp'n at 2.

On appeal, the Ninth Circuit found no abuse of discretion in Judge Shubb's denial of Hatcher's motion to withdraw his guilty plea for the 1992 drug offense, but it did remand the case for resentencing. See Suppl. Mot. at 3; Opp'n at 2. In 2011, Judge Shubb resentenced Hatcher to a term of 240 months of confinement, again to run consecutively to Hatcher's other terms. See Suppl. Mot. at 3; Opp'n at 3. The Ninth Circuit upheld Hatcher's conviction and sentence in 2012. See Ninth Circuit Mandate (dkt. 2220).

In 2010, Hatcher filed his first § 2255 motion. See Mot. to Vacate (dkt. 2083). In September 2014, Judge Shubb issued a memorandum and order denying Hatcher's § 2255 claims on the merits. See Mem. and Order (dkt. 2339). Judge Shubb denied all ineffective assistance of counsel claims raised by Hatcher, see id. at 5–13; Hatcher's Rule 11 Violation claim, see id. at 13–15; and Hatcher's challenges to his sentence for the 1992 charge and to his combined sentence, see id. at 15–18.

Hatcher has since filed numerous additional motions. On July 25, 2016, the Ninth Circuit issued an order denying Hatcher's request for a certificate of appealability. See Ninth Circuit Order (dkts. 2445–46[2]) (citing 28 U.S.C. § 2253(c)(2)). The Ninth Circuit also denied all other pending motions as moot. See id.

In October 2016, Hatcher filed an application to file a second or successive § 2255 motion. See Application (dkt. 2453). This Court transferred Hatcher's Application to the Ninth Circuit. See Order Transferring Mot. to Vacate (dkt. 2454) (citing United States v. Lopez, 577 F.3d 1053, 1056 (9th Cir. 2009)). The Application is still pending.

Although Hatcher has court-appointed appellate counsel, he does not have habeas counsel.

//

---

[2] The same order is listed under both docket entries.

## II. DISCUSSION

In June 2017, Hatcher filed the consolidated motion. Consolidated Mot. In the motion, he argues that there are three pending motions: (A) reimbursement of attorneys' fees; (B) reappointment of counsel; and (C) writ of habeas corpus. Id. at 2. Hatcher also reiterates his request for a sentence reduction. Id. at 3. The Court will address the sentence reduction request in a separate filing.[3]

### A. Reimbursement of Attorneys' Fees

Although Hatcher does not state why he seeks attorneys' fees, he has filed many motions for attorneys' fees under the Equal Access to Justice Act, dating back as far as May 2010. See May 2010 Mot. (dkt. 2081); see also filings (dkts. 2094, 2096, 2105, 2176, 2204, 2206, 2208, 2214–15, 2226, 2242–43, 2251, 2289, 2304, 2327, 2357, 2404). In the May 2010 motion, Hatcher's brother Montel Hatcher signed a declaration representing that he had paid a total of $7,800 in attorneys' fees to represent Hatcher in bail forfeiture proceedings. May 2010 Mot. at 7 ("The court returned the $125,000 [posted for bail] after 18 months.").

Since the May 2010 motion, Judge Shubb and the Ninth Circuit have both denied Hatcher's motions for attorneys' fees. In June 2014, Judge Shubb denied Hatcher's motion, concluding that even though the government did not prevail in the litigation, "the government's position was substantially justified." Mem. and Order re: Mot. for Attorneys' Fees (dkt. 2306) at 2–3. In June 2015, the Ninth Circuit issued an order stating that Hatcher lacked standing to appeal his attorneys' fees motion because a third party—not Hatcher himself—had paid the fees. See June 2015 Order (dkt. 2431) at 2. The Ninth Circuit gave Hatcher 21 days to "show cause why these appeals should not be dismissed for lack of standing." Id. Although Hatcher did file a response to order to show cause, see Response to

---

[3] Hatcher further claims that his Alabama conviction precludes his sentence in this case under res judicata. Id. Although Hatcher provides no further explanation for his res judicata claim in the consolidated motion, it seems that it is the same claim as his third claim in his Application to File a Second or Successive § 2255 Motion. There, he labels it "Double Jeopardy Claim" and argues that his combined sentence exceeds the maximum sentence for the underlying offense, which violates the law. See Application (dkt. 2453) at 2. The Court construes Hatcher's res judicata claim as a reiteration of his earlier Double Jeopardy Claim, which is currently pending before the Ninth Circuit. Accordingly, the Court DENYS this claim as part of the consolidated motion.

3

Order to Show Cause, United States v. Donell Hatcher, No. 14-10409, (9th Cir. 2015), ECF No. 17, he subsequently failed to prosecute, and the claim was dismissed, see Orders, Hatcher, No. 14-10409, (9th Cir. 2015), ECF Nos. 18–19.

Because Hatcher here asks only for the "[r]eimbursement of fees spent by the defendant" and makes no assertion that this claim is different from those already adjudicated, the Court DENIES this request.

### B. Reappointment of Counsel

Hatcher moves for the reappointment of counsel, noting, "Judge Shubb appointed Erik Babcock to amend all of my motions and filings." Consolidated Mot. at 2. In October 2015, the Ninth Circuit issued an order relieving Erik Babcock of his duties as Hatcher's appellate counsel. See October 2015 Order (dkt. 2437) at 1. In November 2015, this Court appointed Stephanie Adraktas to represent Hatcher in his appeals. See Order re: CJA Appointment (dkt. 2438).

Hatcher might be seeking appointment of habeas counsel. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. 18 U.S.C. § 3006A(a)(2)(B). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

Because Judge Shubb denied Hatcher's initial § 2255 claims on the merits, see Mem. and Order (dkt. 2339), and Hatcher already has appellate counsel, there is no indication that the appointment of habeas counsel is necessary in the interests of justice. Moreover, Hatcher's habeas case might not even proceed, depending on the Ninth Circuit's ruling on his Application to File a Second or Successive § 2255 Motion. Accordingly, the Court DENIES his request for the appointment or reappointment of counsel.

### C. Writ of Habeas Corpus

In his consolidated motion, Hatcher seeks a merits ruling on habeas corpus, see Consolidated Mot. at 2, and labels it a Rule 60 motion for relief of judgment, see id. at 3. Because Federal Rule of Civil Procedure 60 provides for relief from a judgment or order, this Court presumes that Hatcher is moving under this rule. See Fed. R. Civ. P. 60. A motion under Federal Rule of Civil Procedure 60 that sets forth one or more new "claims" should be treated as a second or successive § 2255 motion. United States v. Buenrostro, 638 F.3d 720, 722 (9th Cir. 2011) (citation omitted).

Before a second or successive motion is filed, it must be certified by a panel of the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"; or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). If a prisoner seeks to assert a claim that was not presented in his first § 2255 motion, he must move for certification from the court of appeals to file a second or successive motion; the district court lacks jurisdiction to consider the second or successive motion unless the prisoner receives certification from the court of appeals. See Lopez, 577 F.3d at 1056.

Although Hatcher asserts that "[t]he court did not rule on the merits," and "[t]his is not a second or successive motion," Consolidated Mot. at 3, as this Court noted in its October 2016 Order, "[t]his Court lacks jurisdiction to consider Petitioner's motion unless and until he receives certification from the court of appeals." See Order Transferring Mot. to Vacate (dkt. 2454) at 1 (transferring Hatcher's previous § 2255 motion to the Ninth Circuit). Unless and until the Ninth Circuit grants a certificate of appealability, this Court lacks jurisdiction to consider Hatcher's Rule 60 motion. See Lopez, 577 F.3d at 1056.

The Court therefore DENIES Hatcher's request for a merits ruling on habeas corpus.

//

//

5

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES the consolidated motion.

**IT IS SO ORDERED.**

Dated: August 24, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE