IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DONELL HATCHER,<br>Defendant. | Case No. 92-cr-00001-CRB-1<br><br>**ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE** |

Defendant Donell Hatcher is an inmate in the custody of the Bureau of Prisons and is currently housed at FCI Lompoc. See Supp. Mot. (dkt. 2571) at 0. Mr. Hatcher seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that he "is at great risk of serious illness or death from COVID-19" because of his underlying health conditions: Type 2 Diabetes and Stage 3 Chronic Kidney Disease. Id. at 5; see also Mot. Ex. 1 (dkt. 2571-1) (medical records). Indeed, Mr. Hatcher already contracted COVID-19 in early May 2020, developed pneumonia, and was hospitalized for 4 days. See Mot. at 5. He recovered, but his records reflect that he is "'immunocompromised' with a high risk of COVID-19 complications." Id.; Mot. Ex. 4 (dkt. 2571-4) (immunocompromised language from 5/12/20). The government opposes Mr. Hatcher's release, but acknowledges that his "actual experience with COVID-19 and the risks to which he is exposed are factors that weigh towards granting his motion." See Response (dkt. 2563) at 2. Indeed, the government "does not contest that [Mr. Hatcher] presents an extraordinary and compelling reason" for release, "given that he contracted COVID-19 during the present pandemic and experienced collateral consequences, including pneumonia." Id. at 5. The government opposes, or opposed, Mr. Hatcher's motion based only on his release plan and the 18

U.S.C. § 3553(a) factors. Id. at 2–3.

The Court determines that Mr. Hatcher has satisfied the requirements of the statute and the applicable Sentencing Commission policy statement. Mr. Hatcher's motion for compassionate release is therefore granted. There is no need for oral argument on this matter.

18 U.S.C. § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A defendant may bring a § 3582(c) motion . . . after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). "[A]fter considering" the sentencing factors from 18 U.S.C. § 3553(a) "to the extent that they are applicable," a court may grant the motion to reduce the defendant's sentence in one of two circumstances, the first of which is "if it finds that . . . extraordinary and compelling reasons warrant such a reduction." Id. § 3582(c)(1)(A)(i). The application notes to U.S.S.G. § 1B1.3 enumerate five circumstances that establish "extraordinary and compelling reasons" to reduce a defendant's sentence, one of which applies here: "extraordinary and compelling reasons are met if a defendant has "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

A reduction in sentence under § 3582(c) must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory, even after United States v. Booker, 543 U.S. 220 (2005)). The applicable Sentencing Commission policy statement, U.S.S.G. § 1B1.13, directs that a court may only grant compassionate release if it determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

Mr. Hatcher has satisfied all of these requirements.

First, he has exhausted his administrative remedies because more than thirty days have

lapsed since he submitted his request for compassionate release to the warden of his facility. See Response at 6–7 (noting May 7, 2020 and June 2, 2020 requests from Mr. Hatcher to the Warden, and stating, "the government is not contending that Hatcher failed to exhaust his administrative remedies."); see also Gov. Supp. Response (dkt. 2577) at 2 (identifying exhaustion as a subject upon which the parties agree).

Second, the Court has considered the applicable sentencing factors from 18 U.S.C. § 3553(a) and finds that they are consistent with granting Mr. Hatcher's motion for compassionate release. Mr. Hatcher is currently serving three sentences, and though he has only served 18.9% of his full term,[1] he has been in custody since 2006. Id. at 5–6. That is not an insignificant amount of time. During those fourteen years, Mr. Hatcher has never been disciplined for misconduct. See Mot. at 8. His early release is not inconsistent with "the nature and circumstances of the offense and the history and characteristics of the defendant," providing just punishment and adequate deterrence, the applicable sentencing range and policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a). The government now agrees with this assessment. See Gov. Supp. Response at 3 (concluding that "[o]n balance, Hatcher's criminal history and the history of his incarceration weigh in favor of granting his motion," because weighed against his substantial criminal history and long sentence are "the facts that his criminal history does not include serious violent crime; he has already served a long prison sentence (14 years); he has no disciplinary history while in prison; and BOP has made a finding that he presents a minimum risk of recidivism."). Moreover, early release would help provide Mr. Hatcher "with needed . . . medical care" given his compromised medical state. See 18 U.S.C. § 3553(a)(2)(D).

Third, the Court does not believe that Mr. Hatcher is a danger to the community. U.S.S.G. § 1B1.13 directs that a court may only grant compassionate release if it determines that "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The Court has considered the four factors of section 3142(g). Mr. Hatcher

---

[1] The government notes that Mr. Hatcher "has actually served 56 percent of the time he would actually serve for all three sentences." See Gov. Supp. Response at 4.

1   was a supplier of heroin to the Bluitt organization, but he was "not involved in any of the violent
2   acts allegedly perpetrated" by that organization. See Mot. at 7 (citing PSR ¶¶ 68–70). He
3   completed drug programming in 2016, and in 2019 was designated as "a minimum risk recidivism
4   level." Id. at 1–2. Moreover, the government's only comment as to Mr. Hatcher's dangerousness
5   related to the absence of a release plan in his initial motion. See Response at 5; see generally Pro
6   Se Motion (dkt. 2556). But Mr. Hatcher addressed that concern by submitting a release plan as
7   part of the motion that he filed with the assistance of counsel. See Mot. at 2 ("Mr. Hatcher will
8   live at the home of his friend, D. Jordan in Waynesborough Mississippi. . . . Mr. Jordan's
9   company will provide health insurance to Mr. Hatcher."). Probation has now approved of Mr.
10  Hatcher's release plan.

11  Fourth, "extraordinary and compelling reasons," as defined by the applicable Sentencing
12  Commission policy statement, "warrant . . . a reduction." See 18 U.S.C. § 3582(c)(1)(A)(i). Mr.
13  Hatcher's chronic kidney disease, compromised immune system, and diabetes put him at serious
14  risk should he stay at FCI Lompoc. See Mot. at 5–7. To its credit, the government "does not
15  contest that [Mr. Hatcher] presents an extraordinary and compelling reason" for release. Response
16  at 5; see also Gov. Supp. Response at 2–3 (conceding that the "extraordinary and compelling"
17  standard is satisfied in this case). In the context of the COVID-19 pandemic, Mr. Hatcher's
18  medical conditions "substantially diminish[ ]" his ability "to provide self-care within the
19  environment of a correctional facility." See U.S.S.G. § 1B1.13 cmt. n.1(A)(ii); see also United
20  States v. Perez, 17 Cr. 513-3 (AT), 2020 WL 1546422, at *4 (S.D.N.Y. Apr. 1, 2020). "Confined
21  to a small cell where social distancing is impossible, [Mr. Hatcher] cannot provide self-care
22  because he cannot protect himself from the spread of a dangerous and highly contagious virus."
23  Perez, 2020 WL 1546422, at *4.

24  For the foregoing reasons, Mr. Hatcher's motion for compassionate release is GRANTED.
25  Mr. Hatcher's sentence of imprisonment is modified to time served. The Court declines to adopt
26  the government's suggestion that it convert the remaining term of imprisonment to supervised
27  release with the special condition of home confinement. The Court imposed a five-year term of
28  supervised release when it sentenced Mr. Hatcher in this case. See Amended Judgment (dkt.

2143) at 3.  That term of supervised release shall commence immediately, <u>the first two years of which shall now include the special condition that Mr. Hatcher shall be subject to home detention</u>.[2]  Because Mr. Hatcher is currently in quarantine "as of the filing of this motion," see Mot. at 1, he need not quarantine further in custody before his release.  <u>See also</u> Gov. Supp. Response at 6 (proposing immediate release).  The Court amends the terms of supervised release as follows:

     a. Following his release, Mr. Hatcher shall be transported directly to the residence of D. Jordan in Waynesborough, Mississippi, which address has been provided to the U.S. Probation office (the residence);

     b. Commencing at the time of his arrival at the residence, Mr. Hatcher must self-quarantine at the residence for a period of fourteen (14) days;

     c. Within 72 hours of release from custody, Mr. Hatcher shall contact the U.S. Probation office to begin the reentry process;

     d. At all times, Mr. Hatcher shall comply with the conditions of release and supervision set forth in the Judgment.

The BOP is directed to release Mr. Hatcher.  The government shall serve a copy of this order on the Warden at FCI Lompoc immediately.

**IT IS SO ORDERED.**

Dated:  September 3, 2020

CHARLES R. BREYER
United States District Judge

---

[2] Mr. Hatcher shall therefore be restricted to the home except for employment, education, religious services, medical appointments, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations, and other activities pre-approved by his probation officer.  Technology shall be at the discretion of the probation officer, and location monitoring fees are waived.